SHERMAN

v.

**BALTIMORE & O. R. CO.**

Civ. A. No. 11821.

United States District Court
W. D. Pennsylvania.

July 28, 1954.

John M. Duggan, Jr., Pittsburgh, Pa., for plaintiff.

Vincent M. Casey, Margiotti & Casey, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a Motion for Change of Venue from the Western District of Pennsylvania to the Northern District of West Virginia based upon the doctrine of Forum Non Conveniens, 28 U.S.C.A. § 1404 (a).

This cause of action, filed pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., arose in the Cumberland, Maryland, yards of the Baltimore and Ohio Railroad.

Defendant contends that this case should be transferred for the reason that most of the witnesses reside in or near Cumberland, Maryland, and that Cumberland, Maryland, is a lesser distance to Fairmont or Martinsburg, West Virginia, than the city of Pittsburgh.

The distance by highway from Cumberland, Maryland, to Martinsburg, W. Va., is 69 miles, whereas, to Pittsburgh it is 105 miles. The distance by highway from Cumberland, Maryland, to Fairmont, W. Va., is 95 miles.

The doctrine Forum Non Conveniens provides as follows:

"For the convenience of parties and witnesses, *in the interest of justice,* a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a). (Emphasis supplied.)

██ The doctrine requires the moving party to show more than a limited degree of added convenience in trying the case in a different jurisdiction, Naughton v. Pennsylvania Railroad Co., D.C., 85 F.Supp. 761. The circumstances of the case must establish such hardship on the parties setting up the plea as would amount to vexatiousness or oppression if the court persisted in exercising jurisdiction. Williams v. Green Bay & Western R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 311. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should be rarely disturbed, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

██ I cannot help but conclude that the minute discrepancy in mileage as between Pittsburgh and Fairmont or Martinsburg, West Virginia, in view of the flexibility and speed of modern transportation, should not deprive plaintiff of his chosen forum.

Perhaps defendant advances a more cogent reason for transfer when it suggests that judicial notice should be taken of the crowded and congested dockets prevailing in the Western District of Pennsylvania compared to the Northern District of West Virginia.

██ I have taken judicial knowledge of this basic truism. But I am likewise cognizant of the immediate prospect of breaking the log-jam of accumulated cases in this district, and bringing the docket up to an almost current basis, when two vacancies now existing in this court have become occupied.

I believe that party litigants should not be prejudiced by the transitory and variable status of a court's docket, especially when a marked alleviation is in prospect within the foreseeable future.

Defendant's Motion for Change of Venue will be refused.