483 A.2d 549

**COMMONWEALTH of Pennsylvania**

v.

**Sam DONALDSON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1984.

Filed Oct. 12, 1984.

Petition for Allowance of Appeal Granted May 24, 1985.

474

Donald S. Bronstein, Assistant Public Defender, Philadelphia, for appellant.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, CIRILLO, BECK, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

On December 16, 1980, appellant was found guilty of burglary,[1] criminal trespass,[2] and criminal conspiracy.[3] Post-verdict motions were denied and appellant was sentenced on each charge to a period of two years probation to be served concurrently. Appellant contends on this direct appeal that his right to a speedy trial under Pennsylvania Rule of Criminal Procedure 1100 was violated. We find merit in appellant's argument and, accordingly, reverse the judgment of sentence and order appellant discharged.

1. 18 Pa.C.S.A. § 3502.
2. 18 Pa.C.S.A. § 3503.
3. 18 Pa.C.S.A. § 903.

To respond to appellant's contention, we must review in detail the procedural history of the case. The complaint was filed on October 19, 1979. The mechanical run date for purposes of Pa.R.Crim.P. 1100, 180 days from the filing of the complaint, was April 16, 1980. Appellant's preliminary hearing was continued three times through no fault of the appellant. However, on January 18, 1980, and February 11, 1980, appellant arrived at court late, forcing further delay of the preliminary hearing which was finally held on March 5, 1980. Appellant was arraigned on March 19, 1980, at which time a trial date was set for May 14, 1980. On March 28, 1980, the Commonwealth, pursuant to Pa.R.Crim.P. 1100(c),[4] filed its first petition for an extension of time to commence trial. On May 13, 1980, a hearing was held on the extension petition, which was granted and the run date extended to May 16, 1980. On May 14, 1980, a defense witness was unavailable for trial. The defense requested a continuance, and appellant waived his Rule 1100 rights until August 6, 1980. Trial was relisted for July 30, 1980. On that date, the arresting police officer was on vacation and

4. Current Pa.R.Crim.P. 1100(c) provides:

· (c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

Although former Rule 1100(c) was in effect at the time this case went to trial, it was interpreted as containing substantially similar requirements to the present Rule. *See Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976).

the case was again continued to October 7, 1980. On August 4, 1980, the Commonwealth filed its second petition for an extension of time to commence trial. A hearing was held on this petition on October 6, 1980. The court below granted the petition and extended the Rule 1100 run date to October 8, 1980. At that hearing, a defense motion to dismiss for violation of Rule 1100 was denied. On October 7, 1980, a defense witness failed to appear and the case was continued to December 17, 1980. On October 8, 1980, the Commonwealth filed its third petition for an extension of time. A Rule 1100 hearing was held on December 9 and 10, after which the Commonwealth's petition to extend was granted and the Rule extended to December 17, 1980. Appellant was tried on December 16, 1980.

■ Appellant challenges each of the three extensions, arguing that the Commonwealth failed to show due diligence, that delay was unavoidable and that the following trial listings were the earliest possible dates that trial could be listed. In reviewing the first extension, the court below held that even if the Commonwealth failed to establish due diligence, the May 14 trial date was well within the 180 day period. This conclusion was reached by excluding the 46-day delay that resulted from appellant's tardiness on January 18 and February 11, forcing the preliminary hearing to be continued to March 5. The court below relied on this Court's recent decision in *Commonwealth v. Perry*, 296 Pa.Super. 359, 442 A.2d 808 (1982), where the defendant's tardiness in appearing for trial resulted in a 22-day delay. Pa.R.Crim.P. 1100(d)(3) requires the exclusion of the period of delay resulting from the unavailability of the defendant or his attorney.[5] We agree with the trial court that the 46-day delay in this case should be excluded from the 180 day period. Therefore, we find no error in the lower court's grant of the first extension.

With regard to the second extension, the Commonwealth was to proceed to trial on May 14, but the defense was unprepared and, therefore, waived Rule 1100 for 84 days,

5. *See* former Pa.R.Crim.P. 1100(d)(1).

until August 6.[6] At the next listing, on July 30, the Commonwealth was unable to proceed because the arresting officer, an eye-witness to the break-in, was on vacation.

In *Commonwealth v. Sharp*, 287 Pa.Super. 314, 430 A.2d 302 (1981), we discussed the scope of review and the standard of proof applicable in cases such as the present case:

" 'A court may grant the Commonwealth an extension of time for trial if it finds that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' Pa.R.Crim.P. 1100(c)." *Commonwealth v. Miller*, 270 Pa.Super. 178, 182, 411 A.2d 238, 240 (1979). "The Commonwealth has the burden, by a preponderance of the evidence, of showing it has met the requirements of Rule 1100(c)." *Commonwealth v. Ehredt*, 485 Pa. 191, 193, 401 A.2d 358, 360 (1979). (citations omitted). In reviewing the lower court's ruling that the Commonwealth has or has not met its burden of proving due diligence, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted. *See Commonwealth v. Ehredt, supra*, 485 Pa. at 193, 401 A.2d at 360. "Thus, when witnesses become unavailable toward the end of the Rule 1100 time period—whether through vacation, illness, or other reasons not within the Commonwealth's control—the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted." *Commonwealth v. Sinor*, 264 Pa.Super. 178, 183 n. 5, 399 A.2d 724, 727–28 n. 5 (1979).

*Id.*, 287 Pa.Superior Ct. at 317, 430 A.2d at 304. At the October 6 hearing on the extension petition, the Commonwealth presented the testimony of a police officer whose duty, as court liaison officer, was to keep records of court appearances by other officers. The liaison officer testified that his records, which were kept in the normal course of

6. Excluding the 46 day delay from January 18 to March 5 occasioned by appellant's lateness, and the 84 days from May 14 to August 6, for which appellant waived Rule 1100, *see* Rule 1100(d)(2), the Rule 1100 run date was August 25, 1980.

business, indicated that the witness was on vacation from July 23 to August 9, 1980. (N.T. Oct. 6, 1980, p. 3).

■ Appellant argues that the arresting officer's vacation is not adequate proof of due diligence. Appellant mistakenly relies on *Commonwealth v. Delpiano*, 290 Pa.Super. 510, 434 A.2d 1260 (1981), where a police officer's vacation did not justify an extension because there was specific reason to believe that the Commonwealth knew of the vacation before trial was listed for the date in question. In the instant case, there is no evidence as to what date the officer placed his vacation request, nor does appellant argue that the Commonwealth knew of the request before the case was listed for July 30. Accordingly, appellant's argument must fail in this regard.

However, appellant argues, in the alternative, that, despite the Commonwealth's due diligence on July 30, the continuance to October 7 was improper because there was insufficient evidence presented at the October 6 extension hearing to prove that October 7 was the earliest date consistent with the court's business on which the trial could be listed.[7] *See* Pa.R.Crim.P. 1100(c).

■ At the October 6 hearing,[8] the only evidence presented on the issue of October 7 being the earliest possible date for trial was the following testimony by the Assistant District Attorney:

7. Appellant also objected to the trial court's extension of the Rule 1100 period one extra day, to October 8, 1980. (N.T. Oct. 6, 1980 p. 6). Because October 7 was the date on which trial was scheduled, our discussion of the Rule 1100(c) requirements will focus on that date. It goes without saying that if the evidence was insufficient to prove that October 7 was the earliest possible date, an extension to October 8 would be equally violative of the Rule.

8. Although the Commonwealth filed its petition for an extension on August 4, a hearing on that petition did not take place until the day before the rescheduled trial date, which was almost six weeks after the Rule 1100 period had run. The first extension hearing in this case was held seven weeks after the Commonwealth filed its petition. The third extension hearing was held two months after the petition was filed. It appears to this Court that, aside from the possible prejudice to both parties, such inaction merely gives rise to further delay. We caution the court and the Commonwealth of our disapproval of this practice, and strongly suggest that whenever possible, a hearing should be held *before* the Rule 1100 period has run. *See Commonwealth v. Levitt*, 287 Pa.Super. 115, 119 n. 3, 429 A.2d 1126, 1128 n. 3 (1981); *Commonwealth v. Metzger*, 249 Pa.Super. 107, 110 n. 2, 375 A.2d 781, 783 n. 2 (1977); *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976).

MR. GALLAGHER: I call myself as custodian of records, district attorney's office, and indicate that the file in the matter of Commonwealth versus Donaldson indicates that on July 30, Room 615, the A.D.A. was Johansen, who marked the file, "Continued to 10-7-80. Earliest possible date. Arresting officer Olli on vacation."

(N.T. Oct. 6, 1980, p. 5).

The above statement evoked this objection by appellant's trial counsel:

MS[.] PECHKUROW: I object to the hearsay testimony from the district attorney's reading from his file. I submit it's not a business record.

I would also submit that the information that he read is inadequate to show due diligence, as far as a finding to obtaining the earliest possible date as to the 10-7 listing.

*Id.*

■ Appellant argues that statements read from the district attorney's trial file, prepared for the sole purpose of litigation, are not adequate proof of a "certification" that trial was scheduled for the earliest possible date. Although uncontested notations in *court records* are properly permitted as evidence in Rule 1100(c) extension hearings, *see Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983), notations in a *prosecutor's file* are clearly of a different character and cannot be considered sufficient evidence to certify that a case was relisted for the earliest possible date. The type of evidence required for proving that trial has been scheduled for the earliest possible date consistent with the court's business was discussed in *Commonwealth v. Jackson*, 269 Pa.Super. 249, 253, 409 A.2d 873, 875 (1979):

It is therefore settled that Rule 1100 requires *evidence* in support of a petition to extend. This does not mean that Rule 1100 hearings may not be short and to the point. If a Commonwealth petition pleads facts that the answer admits, no further proof should be necessary. *Commonwealth v. Ehredt, supra*, 485 Pa. at 196 n. 8, 401 A.2d at

358 n. 8. The technique of judicial notice may also be useful. In *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978) (plurality opinion, two justices concurring in result), the Court approved the lower court's taking judicial notice of the manner in which the court administrator scheduled criminal matters, since in Montgomery County (the same county involved here), calendar control is under the direct supervision and control of the board of judges. In *Commonwealth v. Ehredt, supra,* the Court also indicated that judicial notice might be acceptable for proving scheduling difficulties. *Id.,* 485 Pa. at 195 n. 7, 401 A.2d at 358 n. 7. *See also, In Re Schulz Estate,* 392 Pa. 117, 139 A.2d 560 (1958) (judicial notice of record before various courts involved in case); *Commonwealth ex rel. Kelley v. Brown,* 327 Pa. 136, 193 A. 258 (1937) (judicial notice of facts (number of orders, number and disposition of cases, etc.) disclosed in annual report of Municipal Courts of Philadelphia); *Sherman v. Baltimore & Ohio R.R. Co.,* 122 F.Supp. 492 (W.D.Pa. 1954) (judicial notice of crowded and congested dockets in court's district as compared to those of a district of another state, and of impending changes that would bring docket current); *see generally McCormick on Evidence,* § 330, at 765–66 (Cleary ed. 1972).

(Emphasis supplied) (footnotes omitted).

Of course, this excerpt from *Jackson* is not an exclusive list of the methods of proof available. For example, in *Commonwealth v. Wroten,* 305 Pa.Super. 340, 451 A.2d 678 (1982), the Commonwealth appeared on June 22 to try the defendant, but the defendant had not yet been "brought down" from the prison. After his request to have the defendant brought down immediately was denied, the assistant district attorney requested the earliest possible court date, which was July 2. As the Rule 1100 run date was June 29, the Commonwealth filed a petition to extend on June 23. At the July 2 extension hearing, the extension was refused because the Commonwealth had done nothing between June 22 and June 29 in order to bring the defend-

ant to trial. We reversed, holding that because the assistant district attorney requested the earliest possible date, the Commonwealth acted with due diligence in filing a petition for an extension before the Rule 1100 period had expired. The only proof offered at the extension hearing was the testimony of the assistant district attorney who stated that he had requested the earliest possible date for a court listing. As this testimony was apparently uncontradicted, we found that the Commonwealth met the preponderance of the evidence standard.

█ In the instant case, the evidence submitted by the Commonwealth consisted of a note written by *another assistant district attorney in his file* to the effect that October 7 was the earliest possible date. As the assistant district attorney who allegedly made the note in his trial file did not testify, we would agree that such evidence was not competent. During oral argument of appellant's post-verdict motions, the trial judge commented that "[I] don't regard the markings on the file to have any weight or probative value by either the Public Defender or the District Attorney's Office. It's really a hearsay bit of evidence." (N.T. August 5, 1981, p. 7).

█ Rather than argue that such evidence was sufficient, the Commonwealth contends that appellant did not make a timely objection to the July 30 continuance. The Commonwealth's argument is based on the holdings in *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981), and *Commonwealth v. Lee*, 297 Pa.Super. 216, 443 A.2d 804 (1982). In *Brown*, appellee and his counsel sat in open court and listened to the trial judge announce a trial date beyond the last day for trial under Rule 1100. Our Supreme Court held that appellee's silence misled the court and the Commonwealth as to the suitability of the trial date, and that such silence operated as a waiver of Rule 1100 rights until the trial date which had been announced. In *Lee*, the trial judge told counsel that trial would probably be listed for the week of June 25, which was beyond the Rule 1100 run date. Counsel thanked the judge and the proceed-

ing ended. We held that no violation of Rule 1100 occurred because counsel's statements gave the appearance of approval to the court's scheduling of the trial beyond the time limits of Rule 1100. *Id.*, 297 Pa.Superior Ct. at 232, 443 A.2d at 811, 812.

In the instant case, the Commonwealth asserts that appellant has failed to cite anything in the record suggesting that he objected to the continuance when it was granted on July 30. However, as no transcript of the July 30 proceedings exists in the record, it is impossible for us to determine whether appellant objected when the case was continued or whether appellant or his counsel, by their acquiescence, misled the court and the Commonwealth. Although the Commonwealth does not even allege that appellant or his counsel were present when the continuance was granted, appellant's counsel admits, in the third extension hearing, on an unrelated argument, to being present in the courtroom on July 30. (N.T. December 9, 1980, p. 7). Nevertheless, missing in this case is the key factor which pursuaded the *Brown* and *Lee* courts to decide that the defendants in those cases had waived their Rule 1100 rights. That is, an on-the-record waiver of those rights.

The Commonwealth would have us hold, based on appellant's failure to prove an on-the-record objection to the continuance, that appellant has waived his right to attack the obvious procedural inadequacies of the October 6 extension hearing. Such a holding would not only be an unwarranted extension of *Brown*, supra, it would dismiss the Commonwealth's burden of establishing, on the record, that the waiver is the informed and voluntary decision of the appellant. *See Commonwealth v. Myrick*, 468 Pa. 155, 159, 360 A.2d 598, 600 (1976). Furthermore, it would be procedurally incorrect to remand this case for an evidentiary hearing to establish whether appellant or his attorney objected to the continuance. Aside from the fact that the Commonwealth did not allege to the court below that appellant had waived his Rule 1100 rights, we cannot place the burden on the appellant to prove that he did not waive his

Rule 1100 rights without a prima facie showing of a valid waiver. *Id.*

In *Commonwealth v. Brown, supra,* the Supreme Court ruled in favor of the Commonwealth because the record indicated that the court and the Commonwealth were misled. *Brown* did not authorize remanding in order to make a record that would indicate waiver. When confronted with a situation more similar to the procedural posture of the instant case, where the Rules of Criminal Procedure have been disregarded below, our Supreme Court has refused to remand in order to establish whether the defendant may have effectuated a valid waiver of his rights. *See Commonwealth v. Morin,* 477 Pa. 80, 86, 383 A.2d 832, 835 (1978); *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978).

In the case *sub judice,* the record plainly shows that the Commonwealth failed to meet its burden of proof at the October 6 extension hearing, at which the Commonwealth also failed to raise the waiver issue presented now. Under these circumstances, where the Commonwealth does not even allege that it and the court were misled by appellant or his counsel, and where the record is void of any indication of waiver on appellant's part, we shall not give the Commonwealth a further opportunity to explain away their noncompliance with Rule 1100.

For the above stated reasons, we reverse and vacate the judgment of sentence.[9] Appellant discharged.

SPAETH, President Judge, concurred in the result.

CIRILLO, J., filed a dissenting opinion.

WICKERSHAM, J., filed a dissenting statement.

CIRILLO, Judge, dissenting:

I respectfully dissent from the majority's holding that the appellant had not waived his Rule 1100 rights at the October 6, 1980 extension hearing.

9. Because of our disposition of this appeal, we need not comment on the third extension hearing.

The Supreme Court in *Commonwealth v. Brown,* 497 Pa. 7, 11, 438 A.2d 592, 594 (1981) specified the parameters of a valid waiver of rule 1100 rights as follows:

In this case, appellee and his counsel sat in open court and listened to the judge announce a trial date beyond the last day for trial under Rule 1100, yet they said nothing. *This silence on November 15 constituted a waiver* of Rule 1100 until the December 15, trial date. Furthermore, *this waiver was informed and voluntary:* having already expressly and validly waived his rights under Rule 1100 on September 24, it is beyond question that on November 15 appellee already understood the nature and scope of his rights under Rule 1100, as well as the consequence of waiving those rights. (Emphasis added)

In this case, the appellant and his counsel were present in the courtroom on October 6, 1980. Failure to object to the extension at that time constituted a waiver. This waiver was informed and voluntary. The appellant had already expressly waived his rule 1100 rights until August 6, 1980 when defense counsel had requested a continuance.

The Supreme Court of Pennsylvania in *Commonwealth v. Lohr,* 503 Pa. 130, 468 A.2d 1375 (1983) has enunciated the standard of review of a trial court's grant of an extension of time for trial pursuant to Pennsylvania Rule of Criminal Procedure 1100. "This determination is within the realm of discretion of the trial court and absent an abuse of discretion, a grant of extension of time will not be overruled on appeal." As an appellate court we are bound by this decision.

A review of the record in this case indicates no abuse of discretion. Therefore, I would affirm Judgment of Sentence.

WICKERSHAM, Judge, dissenting:

I would affirm the judgment of sentence.