499 A.2d 1094

**COMMONWEALTH of Pennsylvania**

v.

**Anthony FORTUNE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Oct. 18, 1985.

466

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for theft of a motorcycle license plate. Appellant contends that the Commonwealth did not prove that the trial dates scheduled after each continuance were the earliest possible trial dates consistent with the court's business as required under Pa.R. Crim.P. 6013. Because we agree that there is no proof in the record that the trial date following the second continuance was the earliest possible date, we reverse and vacate the judgment of sentence.[1]

1. Appellant also contends that (1) the Commonwealth failed to exercise due diligence in bringing his case to trial within the time required under Pa.R.Crim.P. 6013, and (2) physical evidence and testimony should have been suppressed because the arresting officer did not have probable cause to arrest appellant. Because of our disposition of this case, however, we need not address these contentions.

On July 12, 1983, appellant was arrested and charged with theft and receiving stolen property. The mechanical run-date, the last day that appellant's trial could begin in accordance with Pa.R.Crim.P. 6013(a)(2), was November 10, 1983, 120 days after the preliminary arraignment. Trial was initially scheduled for August 23, 1983, but, because of the trial judge's heavy caseload, was continued to October 12, 1983.

On October 12, the second scheduled trial date, appellant's trial was again continued, this time because the arresting officer was ill. Trial was rescheduled for November 25, 1983. On that date the Commonwealth filed an oral Rule 6013 motion to extend the time for commencement of trial because the arresting officer was on vacation. The trial was continued until February 6, 1984.

On February 6, the trial court denied appellant's motion to dismiss for violation of Rule 6013 and proceeded to trial. Appellant was found guilty of theft and receiving stolen property following a non-jury trial, and was sentenced to pay $250 in fines and seventy dollars in costs. Appellant's appeal to the Court of Common Pleas was filed and denied. This appeal followed.

■ Pennsylvania Rule of Criminal Procedure 6013 provides in relevant part, that:

(c)(1)(i) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the Court orally or in writing for an order extending the time for commencement of trial. The defendant shall have the right to be heard on the Commonwealth's motion.

. . . .

(iii) Such motion shall allege facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. . . .

(iv) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. *Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.*

Pa.R.Crim.P. 6013(c)(1)(i), (iii), (iv) (emphasis added). When analyzing whether the trial court properly granted an extension under Pa.R.Crim.P. 6013 or 1100,[2] this Court must determine whether the record establishes that (1) trial could not be commenced within the allotted time period despite the Commonwealth's due diligence and (2) trial was scheduled for the earliest possible date consistent with the court's business. *Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976).

Appellant contends that the Commonwealth failed to prove that the dates set for trial were the earliest possible dates consistent with the court's business. To comply with the requirement that the trial be scheduled for the earliest possible date, such a showing must appear in the record.[3] *See Commonwealth v. Jackson,* 336 Pa.Superior Ct. 486,

---

**2.** Pa.R.Crim.P. 6013 sets out the time frame for trial in Municipal Court, whereas Pa.R.Crim.P. 1100 governs the time for trial in all other Pennsylvania courts. The principles applied under Rule 1100 apply equally to Rule 6013 cases. *See* Pa.R.Crim.P. 6013 comment.

**3.** In *Commonwealth v. Lafty,* 333 Pa.Superior Ct. 428, 482 A.2d 643 (1984) (*en banc*), this Court noted in a footnote that the requisite showing, that the actual trial date was the earliest possible date, is only necessary in cases of judicial delay as opposed to delay caused by the Commonwealth or the defense. *Id.,* 333 Pa.Superior Ct. at 434 n. 1, 482 A.2d at 646 n. 1. We decline to follow *Lafty* on the authority of *Commonwealth v. Donaldson,* 334 Pa.Superior Ct. 473, 480, 483 A.2d 549, 553 (1984) (*en banc*), *allocatur granted.* In *Donaldson,* decided after *Lafty,* the same *en banc* panel of this Court vacated the judgment of sentence because there was no evidence in the record that the trial date was the earliest possible date. In *Donaldson,* as here, the delay was not judicial delay, but rather, delay due to the arresting officer's vacation. Moreover, in a concurring opinion to *Lafty,* President Judge Spaeth stated that "the Commonwealth must always prove both its due diligence *and* that the trial was scheduled for the earliest date consistent with the court's business." *Commonwealth v. Lafty,* supra 333 Pa.Superior Ct. at 437–38, 482 A.2d at 648 (SPAETH, P.J., concurring).

489, 485 A.2d 1186, 1187 (1984) (*per curiam*), *allocatur granted* (judgment of sentence vacated because no certification on record that trial scheduled for earliest possible date); *Commonwealth v. Donaldson,* 334 Pa.Superior Ct. 473, 480, 483 A.2d 549, 553 (1984) (*en banc*), *allocatur granted* (notation in District Attorney's file stating that new date was earliest possible date, inadequate certification that date was in fact earliest possible); *Commonwealth v. Cadogan,* 328 Pa.Superior Ct. 517, 520, 477 A.2d 565, 567 (1984) (Commonwealth failed to carry burden of proof where record devoid of evidence that listing was earliest possible date for trial).

■ Here, the August 23, 1983 trial date, which was scheduled after the first continuance, was within the 120-day period allotted under Pa.R.Crim.P. 6013. Therefore, we need not consider whether the Commonwealth's oral Rule 6013 motion was properly granted for this first postponement. Furthermore, we note that the Quarter Session filed indicates E.P.D. (earliest possible date) for the February 6, 1984 trial date which is sufficient to satisfy the Commonwealth's burden of proof. *See Commonwealth v. Byrd,* 325 Pa.Superior Ct. 325, 332, 472 A.2d 1141, 1145 (1984) (notation E.P.D. in court file sufficient evidence that Commonwealth secured earliest available date). Therefore, we are concerned here only with the continuance from October 12, 1983 to November 25, 1983. The required certification for this trial date is absent from the record, and, accordingly we are compelled to hold that the Commonwealth failed to carry its burden of proving that the trial date was the earliest possible date.

■ The Commonwealth contends, however, that even if it did not meet its burden of proof under Pa.R.Crim.P. 6013, appellant waived any objection thereto by failing to object on the record when the lower court rescheduled the trial. In *Commonwealth v. Donaldson, supra* 334 Pa.Superior Ct. at 482–84, 483 A.2d at 554–55, we held that without any transcript of the proceedings during which the new trial was scheduled, we were unable to hold that the defendant

had waived any objection to the new trial date. We reasoned that such a rule would relieve the Commonwealth of its burden of proving a knowing and intelligent waiver on the record and thus concluded that a waiver could be shown only by an on-the-record waiver of rights. *Id. See also Commonwealth v. Jackson, supra* 336 Pa.Superior Ct. at 489, 485 A.2d at 1187. Similarly, in the instant case, there is no transcript of the proceedings below which would indicate whether or not appellant objected to the new trial date. Therefore, we cannot hold that appellant waived his right to object to the trial extensions.

For the above reasons, we reverse and vacate the judgment of sentence and, appellant is discharged.

Reversed. Judgment of sentence vacated. Appellant discharged.