

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# Miller v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Miller v. Klem" (2009). *2009 Decisions.* Paper 1913.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1913

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3500
_____

ROY JAMES MILLER,

Appellant,

v.

EDWARD KLEM, ET AL.; THE DISTRICT ATTORNEY OF THE COUNTY OF
BERKS; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;


On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 06-cv-2327)
District Judge:  Honorable Mary A. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2009

Before: CHAGARES and HARDIMAN, Circuit Judges, and GARBIS,* District Judge

(Filed: February 6, 2009)
_____

OPINION OF THE COURT
_____

---

* Honorable Marvin J. Garbis, Senior United States District Judge for the District
of Maryland, sitting by designation.

CHAGARES, Circuit Judge.

Roy James Miller appeals the District Court's denial of habeas corpus relief. For the reasons explained below, we will affirm.

I.

Because we write solely for the benefit of the parties, we will recite only the essential facts.

A criminal complaint was filed against Miller on April 18, 2001, charging him with sexual assault and corruption of minors. Shortly thereafter, the Berks County Court of Common Pleas held a preliminary hearing at which the Commonwealth added more charges. The Commonwealth filed an information on May 23, 2001, and Miller was formally arraigned the next day.

On May 29, 2001, Miller filed a request for the Commonwealth to produce a bill of particulars. On that same day, he also filed an omnibus pre-trial motion which included a request for in camera review of certain sensitive records and a petition for writ of habeas corpus. The court granted the record request and conducted an in camera review on June 19, 2001. The court denied the habeas petition on September 25, 2001, thereby disposing of the remainder of the omnibus motion. The Commonwealth responded to the request for a bill of particulars on October 30, 2001.

Trial was scheduled for May 13, 2002. On April 15, 2002, Miller requested a continuance, and the court granted the request, re-scheduling trial for July 22, 2002. Due

to other delays, however, the trial did not begin until November 12, 2002. Miller was ultimately convicted and sentenced to serve time in prison.

Miller then challenged his conviction via collateral attack. He filed a Post-Conviction Relief Act petition in the Court of Common Pleas alleging that his trial counsel was ineffective. Specifically, Miller argued that his counsel should have filed a motion to dismiss on the grounds that the Commonwealth violated Pennsylvania Rule of Criminal Procedure 600 by not bringing Miller to trial within 365 days of the date the criminal complaint was filed. The court dismissed the petition, the Superior Court affirmed, and the Pennsylvania Supreme Court denied allocatur.

Miller then filed a timely federal habeas petition pursuant to 28 U.S.C. § 2254. The District Court denied the petition and did not grant a certificate of appealability. Miller then filed this appeal. This Court granted a certificate of appealability.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

We will affirm the District Court's denial of habeas relief if the Pennsylvania state courts adjudicated Miller's claim on the merits and reached a result that is not contrary to clearly established federal law, does not involve an unreasonable application of clearly established federal law, and does not rest upon an unreasonable determination of the facts. Bond v. Beard, 539 F.3d 256, 263 (3d Cir. 2008) (citing 28 U.S.C. § 2254(d)).

3

III.

The relevant clearly established federal law here is <u>Strickland v. Washington</u>, 466

U.S. 668 (1984).  <u>Strickland</u> holds that, to establish that counsel was constitutionally

ineffective, the petitioner must prove that counsel's performance was objectively

unreasonable and that the petitioner was prejudiced by such substandard advocacy.  466

U.S. at 687.  To prove prejudice, the petitioner must demonstrate a reasonable probability

that, had his lawyer's performance been up to par, the result of the proceeding — in this

case, the guilty verdict at the end of trial — would have been different.  <u>Id.</u> at 694.  The

Pennsylvania courts adjudicated Miller's claim on the merits and correctly applied

<u>Strickland</u> to reject it.[1]

Rule 600 provides that a criminal trial must generally commence within 365 days

of the date on which the initial complaint was filed.  Pa. R. Crim. P. 600(A)(3) (timing

provision applicable to defendant free on bail).  However, not every second of time that

elapses between the filing of the complaint and the beginning of trial necessarily counts

toward this 365-day limit.  For example, delay caused by a continuance granted at the

defendant's request is excluded from this calculation.  Pa. R. Crim. P. 600(C)(3)(b).  The

length of the exclusion is measured from the date on which the court grants the

---

[1] The Pennsylvania courts referenced the state-law ineffectiveness standard — not
the federal standard — in evaluating Miller's claim.  But, that standard is materially
identical to <u>Strickland</u>.  <u>See</u> <u>Commonwealth v. Pierce</u>, 527 A.2d 973, 976-77 (Pa. 1987).
Thus, the Pennsylvania decision can be treated as an on-the-merits adjudication of
Miller's <u>Strickland</u> ineffectiveness claim for the purposes of 28 U.S.C. § 2254(d).

continuance to the date to which the trial is continued.  See Commonwealth v. Wade, 380

A.2d 782, 785 (Pa. 1977).[2]  Further, delay attributable to the adjudication of pre-trial

motions is excluded from the Rule 600 calculation, so long as the Commonwealth acts

with due diligence in opposing the motions.  Commonwealth v. Hill, 736 A.2d 578, 587

(Pa. 1999) (classifying this as a Rule 600(C)(3)(a) exclusion for unavailability of

defendant).

The trial here began 573 days after the complaint was filed.  Therefore, the

Commonwealth will have complied with Rule 600 if 208 of those days were excludable

from the 365-day limit.  The 119-day period from May 29, 2001 (the date on which Miller

filed an omnibus pre-trial motion) until September 25, 2001 (the date on which the trial

court disposed of that motion) is excludable.  A pre-trial motion was pending, and Miller

does not argue that the Commonwealth was not diligent in opposing it.  See Pa. R. Crim.

P. 600(C)(3)(a); Hill, 736 A.2d at 587.[3]  Further, the 98-day period from April 15, 2002

(the date on which the court granted Miller's request for a continuance) to July 22, 2002

(the date to which the trial was continued) is excludable.  See Pa. R. Crim. P.

---

[2] Many of the cases cited herein address Rule 1100, which was re-numbered as Rule 600 on April 1, 2001.  Commonwealth v. Solano, 906 A.2d 1180, 1188 n.6 (Pa. 2006).  For ease of explication, we will phrase our opinion in terms of Rule 600 only.

[3] Miller argues only that the Commonwealth was not diligent in responding to his September 25, 2001 request for a bill of particulars.  Appellant's Br. at 14-15.  But this has nothing whatsoever to do with the Commonwealth's diligence in opposing his omnibus motion.  The motion and the request are entirely different filings.

5

600(C)(3)(b); <u>Wade</u>, 380 A.2d at 785.[4]  Thus, 217 total days are excluded from the Rule

600 period, and the commencement of trial was timely.  This, in turn, means that Miller

was not prejudiced by trial counsel's failure to file a motion to dismiss on Rule 600

grounds.  Because the Rule was not violated, there is not a reasonable probability that the

Rule 600 motion would have succeeded.

IV.

For the above reasons, we will affirm the District Court's denial of Miller's

petition for habeas corpus.

---

[4] Miller argues that a portion of this period should be included.  In support, he cites a Pennsylvania lower-court case discussing the evidentiary showing that the Commonwealth must make when it requests an "extension" of the 365-day period. Appellant's Br. at 10 (citing <u>Commonwealth v. Dodson</u>, 483 A.2d 549 (Pa. Super. Ct. 1984)).  However, the delay caused by Miller's continuance resulted from an "exclusion" requested by Miller — not an "extension" requested by the Commonwealth — and is not subject to the prerequisites discussed in <u>Dodson</u>.  <u>See</u> <u>Commonwealth v. Dixon</u>, 907 A.2d 468, 474 (Pa. 2006) (differentiating "exclusions" from "extensions").