J-A26033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SEAN J. HILL | : | |
| | : | |
| Appellant | : | No. 2827 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002645-2022

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED MAY 14, 2024**

Appellant, Sean J. Hill, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for driving under the influence of alcohol or a controlled substance ("DUI").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 10, 2022, the Philadelphia Municipal Court found Appellant guilty of DUI.  The Municipal Court sentenced Appellant to six months of probation on March 29, 2022.  The next day, Appellant filed a notice of appeal to the Philadelphia County Court of Common Pleas, seeking a trial *de novo*.

Following Appellant's appeal, the Court of Common Pleas conducted a

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

formal arraignment on April 20, 2022, and a scheduling hearing on May 26, 2022. The court scheduled a pre-trial conference for June 23, 2022, and a bench trial for July 6, 2022. At the pre-trial conference, the Commonwealth indicated that it was ready to proceed to trial. Nevertheless, on the date scheduled for trial, the Commonwealth requested a continuance because two police officer witnesses were on vacation. The court granted the continuance and rescheduled trial to the next available date, which was October 6, 2022.

On October 5, 2022, Appellant filed a motion to dismiss on the grounds that the trial was scheduled to take place outside the time limits proscribed by Pa.R.Crim.P. 1013(G). The next day, the court held a hearing on Appellant's motion. Following the hearing, the court determined that the Commonwealth was duly diligent and denied relief. Shortly thereafter on that same day, the Commonwealth received a document which contained an insurance estimate for damages to the victim's car and immediately passed it to defense counsel. Appellant renewed his motion to dismiss, now arguing that the Commonwealth's failure to produce mandatory discovery in a timely manner demonstrated a failure to exercise due diligence. The court denied Appellant's motion, and the matter proceeded immediately to trial.

Following the bench trial, the court found Appellant guilty of DUI and sentenced him to six months of probation. The court also sentenced Appellant to pay restitution in the amount of $1,009.67. Appellant filed a timely notice of appeal on November 2, 2022. The next day, the court ordered Appellant to

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on December 22, 2022, following the grant of an extension.

Appellant raises the following issue for our review:

> Did not the [trial] court abuse its discretion in denying [Appellant's] petition to dismiss the information pursuant to Pa.R.Crim.P. 1013(G) as the matter was well past the run date and the Commonwealth had not been duly diligent?

(Appellant's Brief at 3).

Appellant asserts that after he requested a trial *de novo*, his trial did not occur until 190 days after he appealed, which is well above the 120-day time limit set by Rule 1013(G). Appellant argues that the Commonwealth failed to demonstrate that it exercised due diligence such that any periods of delay should be excused from the time calculation. Specifically, Appellant claims that the Commonwealth failed to establish that it was duly diligent in procuring the presence of the necessary police officers prior to the initial trial date because it failed to present any evidence that it checked the officers' schedules, informed the officers of the trial date, or properly subpoenaed them. Appellant further contends that the Commonwealth failed to complete discovery until the morning of the second trial date, when it turned over the insurance estimate document. Appellant maintains that although the Commonwealth stated that it did not receive this document until the morning of the second trial date, it did not show that it made any efforts to obtain this evidence prior to that date. Appellant concludes that the court erred in

denying his motion to dismiss, and this Court should vacate Appellant's conviction and discharge the matter pursuant to Rule 1013(G). We disagree.

The following principles apply to our review of a speedy trial claim:

> Our standard of review for evaluating claims brought pursuant to Rule of Criminal Procedure 1013 is the same as that applied to claims made under Rule of Criminal Procedure 600. The purpose of the rules is similar, and the case law applies equally to both. When considering any "speedy trial" claim, the proper scope of review is limited to the evidence on the record from the evidentiary hearing and the findings of the trial court. If the hearing court denied relief under Rule 1013, appellate courts must view the facts in the light most favorable to the Commonwealth as the prevailing party. In assessing a Rule 1013 issue, we are confined to determining whether the trial court committed an "abuse of discretion" in reaching its decision.

*Commonwealth v. Lynch*, 57 A.3d 120, 123 (Pa.Super. 2012), *appeal denied*, 619 Pa. 701, 63 A.3d 1245 (2013) (quoting *Commonwealth v. Preston*, 904 A.2d 1, 9 (Pa.Super.2006) (*en banc*), *appeal denied*, 591 Pa. 663, 916 A.2d 632 (2007)).

Additionally:

> When considering the trial court's ruling, an appellate court may not ignore the dual purpose behind Rule 600 and Rule 1013. The Rules serve two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.
>
> The Pennsylvania Supreme Court adopted our speedy trial rules as an administrative means of protecting the constitutional rights embodied in the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the

Pennsylvania Constitution. However, the Supreme Court's administrative mandate was neither designed nor intended to insulate a criminal accused from good faith prosecution. In the absence of actual misconduct on the part of the Commonwealth specifically calculated to evade the fundamental speedy trial rights of an accused, the applicable speedy trial rule must be construed in a manner consistent with society's right to punish and deter crime.... Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Commonwealth v. Staten*, 950 A.2d 1006, 1009 (Pa.Super. 2008) (internal citations omitted).

Rule 1013 sets forth the Municipal Court speedy trial requirements and states, in relevant part, as follows:

### Rule 1013. Prompt Trial—Municipal Court

\* \* \*

(G) A trial *de novo* in the Court of Common Pleas shall commence within a period of 120 days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 600 shall apply to such trials in the Court of Common Pleas.

Pa.R.Crim.P. 1013(G).

Regarding the computation of time, this Court has explained:

Similar to Criminal Rule 600, Rule 1013 has excludable time and excusable delay[.] The first step in determining whether a technical violation of Rule 600 or Rule 1013 has occurred is to calculate the "mechanical run date." The mechanical run date is the date by which trial must commence under the relevant procedural rule. … The mechanical run date can be modified or extended by adding periods of time in which the defendant causes delay. It then becomes an "adjusted run date."

- 5 -

Rules 600 and 1013 take into account both "excludable time" and "excusable delay." "Excludable time" is defined by Rule 1013 itself as any period of time during which a defendant expressly waives his rights under the Rule. Delays caused by the unavailability of the defendant or counsel also are excludable, as are delays for continuances granted at the request of the defendant or counsel. "Excusable delay" is not expressly defined in either Rule 600 or in Rule 1013, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

The Commonwealth is entitled to an extension of time "upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Pa.R.Crim.P. 1013(C)(1)(c). Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of scheduling difficulties and the like.

*Lynch, supra*, at 123-24 (internal citations and quotation marks omitted).

Further:

Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

*Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa.Super. 2020) (quoting

*Commonwealth v. Moore*, 214 A.3d 244, 248-49 (Pa.Super. 2019), *appeal*

*denied*, ___ Pa. ___, 224 A.3d 360 (2020)) (internal citations and quotation

marks omitted).

> It is well-settled that "[t]he Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." ***Commonwealth v. Hyland***, 875 A.2d 1175, 1191 (Pa.Super. 2005) (citation to trial court opinion omitted). This legal precept applies to police officers who are necessary witnesses. ***See*** [***Staten, supra***] (where an arresting police officer had been assigned to serve warrants on the date scheduled for trial, and the Commonwealth requested a continuance, the delay attributed thereto was "excusable delay"); ***Hyland***, ***supra*** (where trooper, who was affiant and lead investigator, was deployed to Iraq, the time attributed thereto was "excusable delay" since it was beyond the control of the Commonwealth); ***Commonwealth v. Brawner***, [553 A.2d 458 (Pa.Super. 1989)] (where police officer's unavailability due to vacation was beyond the Commonwealth's control, the extension of trial date was "excusable time").

***Commonwealth v. Wendel***, 165 A.3d 952, 957 (Pa.Super. 2017).

Instantly, Appellant filed a notice of appeal for a trial *de novo* on March 30, 2022. Therefore, the mechanical run date under Rule 1013(G) (120 days later) was July 28, 2022. Appellant's trial occurred on October 6, 2022, which was 190 days after Appellant filed his notice of appeal, or 70 days beyond the 120-day period.[2] Nevertheless, the trial court found that the delay from the first scheduled trial date of July 6, 2022, to the rescheduled trial date of October 6, 2022 (a total of 92 days), was excusable due to circumstances that were outside of the Commonwealth's control and despite its due diligence. As

---

[2] Appellant filed his motion to dismiss the day before trial, or 69 days beyond the 120-day timeframe.

such, the court concluded that Appellant's trial took place within the requisite timeframe. (**See** Trial Court Opinion, filed Jan. 20, 2023, at 9-10).

The record supports the court's determination. The court originally scheduled trial for July 6, 2022, which was within the 120-day period following Appellant's appeal for a trial *de novo*. At all points before the initial trial date, including at the June 23, 2022 pre-trial conference, the Commonwealth indicated that it was ready to proceed to trial as scheduled. On July 6, 2022, the date scheduled for trial, the Commonwealth informed the court that two police officer witnesses were not present because they were on vacation.[3] Under these circumstances, we see no error with the court's finding of due diligence. **See Wendel, supra** (holding officer's unavailability due to employment training was beyond Commonwealth's control such that period of time attributed to delay caused by officer's unavailability constitutes "excusable delay" for purposes of Rule 600).[4]

_____

[3] There is no transcript for the proceeding that took place on July 6, 2022, and the record suggests that no notes of testimony were taken. Nevertheless, the court and the parties do not dispute that on that date, the prosecutor represented to the court that two necessary police officers were not present because they were on vacation. Additionally, a docket entry listed on July 6, 2022 reflects that the court granted a continuance because police officers were on vacation.

[4] Appellant cites to **Commonwealth v. Edwards**, 528 Pa. 103, 595 A.2d 52 (1991) and **Commonwealth v. Delpiano**, 434 A.2d 1260 (Pa.Super. 1981), to support his claim that the police officers' unavailability due to vacation was insufficient to establish the Commonwealth's due diligence. However, both cases are distinguishable from the instant matter. In **Edwards**, our Supreme
*(Footnote Continued Next Page)*

_____

Court determined that the trial court properly discharged the defendant because the Commonwealth failed to exercise due diligence regarding an unavailable police witness who was on vacation. Initially, we note that the defendant was the prevailing party in **Edwards** and as such, the Court viewed the facts in the light most favorable to the defendant. That is not the standard of review in this matter, as the Commonwealth prevailed before the trial court. Additionally, in **Edwards**, the trial date had been continued five times before the case was dismissed, and "the Commonwealth failed to demonstrate due diligence throughout the lengthy course of the five trial listings[.]" **Edwards, supra** at 108, 595 A.2d at 54. The trial court in **Edwards** also specifically found that the police witness was present at the hearing when the court scheduled the trial date that he was unavailable for and knew of his vacation well in advance of the trial date. As such, the court concluded that the Commonwealth failed to properly advise the police witness of the necessity of his appearance. Specifically, the Supreme Court concluded on appeal that "[t]he Commonwealth's failure to show due diligence in bringing this case to trial is amply demonstrated in the record and the findings of the…hearing court." **Id.** at 111-12, 595 A.2d at 56. No similar findings were made by the trial court in this matter.

In **Delpiano**, this Court determined that the trial court erroneously found that the Commonwealth met its burden to prove due diligence when it merely asserted in its petition for an extension that it exercised due diligence and that the arresting officer was on vacation. In so holding, this Court noted that at the speedy trial hearing, the appellant expressed its belief that the Commonwealth had a list of the police officers' vacation schedules prior to scheduling trial and requested specific evidence from the Commonwealth to demonstrate that it exercised due diligence in scheduling trial cognizant of the officer's schedule. This Court further noted that the appellant's request was ignored, and the Commonwealth failed to put forth any evidence of its due diligence. Here, Appellant did not make any specific claims in his speedy trial motion or at the hearing on his motion that the Commonwealth had prior knowledge of the officers' vacation schedules. To the extent Appellant suggests on appeal that the Commonwealth was aware at the pre-trial conference that the officers would be on vacation at the time of the initially scheduled trial date, he advances that claim for the first time on appeal, so it is waived. **See** Pa.R.A.P. 302(a) (stating issues not raised before trial court are waived and cannot be raised for first time on appeal). **See also Commonwealth v. Donaldson**, 483 A.2d 549, 552 (Pa.Super. 1984) (holding that **Delpiano** is not dispositive when there is no evidence as to what date officer placed his vacation request; appellant does not argue that

*(Footnote Continued Next Page)*

Appellant further argues that the court erred in concluding that the time period between July 6, 2022 and October 6, 2022 was excusable because the Commonwealth did not complete required discovery until the morning of trial. Our review of the record confirms that on October 6, 2022, the Commonwealth gave defense counsel a document with an insurance estimate for damage to the victim's car. The prosecutor represented to the court that it first learned of the document from the victim that morning, and the prosecutor immediately passed it to defense counsel. The court inquired into the purpose of the document and determined that it would be offered only for calculating restitution, which would implicate sentencing and not the elements of the crime charged at trial.[5] Significantly, Appellant did not request a continuance based on a belated receipt of the document that morning, and the matter proceeded to trial on the same day. Thus, the Commonwealth's disclosure of the insurance estimate on the morning of trial caused no additional period of

_____

Commonwealth knew of vacation request before case was listed; thus, appellant's argument fails in this regard; granting relief on other grounds).

[5] Appellant suggests that the insurance estimate implicated more than sentencing because the Commonwealth could have used the document to seek certain penalties set forth in 75 Pa.C.S.A. § 3804(b)(1) for DUI resulting in damage to a vehicle, which Appellant claims were elements that the Commonwealth would have needed to prove at trial. As noted by the trial court, the insurance estimate was used only to calculate the amount of restitution. We reiterate that Appellant did not request a continuance based on any belated disclosure of this document. Consequently, there was no delay of trial based on the disclosure of this document on the morning of trial for purposes of a speedy trial calculation.

delay for purposes of a speedy trial calculation. Viewing the facts in the light most favorable to the Commonwealth as the prevailing party, we cannot say that the court abused its discretion in denying Appellant's motion to dismiss pursuant to Rule 1013(G). **See Lynch, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2024