532 A.2d 853

**COMMONWEALTH of Pennsylvania**

v.

**James LONG, Appellant.**

Superior Court of Pennsylvania.

Submitted June 15, 1987.

Filed Oct. 15, 1987.

Eric L. Lilian, Philadelphia, for appellant.

Donna G. Zucker, Stuart Wilder, Assistant District Attorneys, Philadelphia, for Com.

Before DEL SOLE, MONTEMURO and HESTER, JJ.

DEL SOLE, Judge:

This is a direct appeal from the Judgment of Sentence imposed following Appellant's conviction of robbery and conspiracy. Numerous instances of trial court and trial counsel error are alleged by Appellant to be sufficient reasons for this court to rule that he be discharged or awarded a new trial.[1] After a careful examination of Appellant's contentions, we conclude they are without merit and we affirm the Judgment of Sentence.

---

**1.** We note Appellant's Brief fails to comply with the Rules of Appellate Procedure. Contrary to the provisions of Pa.R.A.P., Rule 2116(a) which requires that the Statement of Questions "must never exceed one page", Appellant's issues are listed on two pages. Further, Appellant's Brief violates Pa.R.A.P. 2119, which requires the argument portion of appellant's Brief to be divided into parts according to the question to be treated therein, each to be identified with a separate heading. Despite these deficiencies, we will go on to consider the merits of Appellant's claims in the interest of judicial economy.

■■■ Initially, Appellant submits that the trial court erred by granting the Commonwealth's Petition to Extend and by denying his Motion to Dismiss under Rule 1100 of the Rules of Criminal Procedure. In considering whether an extension of time was properly given, it must be determined whether the trial could not be commenced within 180 days despite the Commonwealth's due diligence; and, whether the trial was scheduled for the earliest possible date consistent with the court's business. *Commonwealth v. Fortune*, 346 Pa.Super. 465, 467, 499 A.2d 1094, 1095 (1985). To aid in making such a determination we must remain mindful that it is the Commonwealth's duty to meet this burden of proof by a preponderance of the evidence. *Commonwealth v. Lamb*, 309 Pa.Super. 415, 423, 455 A.2d 678, 682 (1983). Further, the decision by the trial judge to permit the Commonwealth a time extension is discretionary. Absent an abuse of such discretion we shall not disturb the trial judge's ruling. *Commonwealth v. Lohr*, 503 Pa. 130, 139–140, 468 A.2d 1375, 1380 (1983).

Appellant, herein, notes that his trial was continued "for reasons attributable entirely to co-defendant or his counsel". He also acknowledges that his trial was rescheduled to "the earliest possible date" and that later delays were necessitated because the court was in the midst of another jury trial. Appellant's only argument with respect to the delay in bringing him to trial is that the Commonwealth, by opposing his motion to sever his case from his co-defendant's, failed to demonstrate due diligence. In support of this argument Appellant cites cases which deal with the computation of time under Rule 1100 and which hold that a period of exclusion will not be recognized for delay caused by the unavailability of a co-defendant or his counsel. *See: Commonwealth v. Hagans*, 482 Pa. 572, 577, 394 A.2d 470, 472 (1978). It has been held that periods of delay caused by co-defendants and/or their counsel may not normally be excluded from the computation of the prescribed period under Rule 1100(d). *Commonwealth v. Hamm*, 325 Pa.Super. 401, 473 A.2d 128 (1984). (citations omitted). Appellant, however, has overlooked the line of cases which find

that delays caused by co-defendant and/or their counsel may constitute sufficient grounds for an extension of time for trial under Rule 1100(c). *Id.* (citations omitted).

■ In the instant case, the trial judge noted that Appellant and his co-defendant were charged with conspiracy and a single robbery. Separate trials would have required the duplication of testimony and evidence and would have caused the court to have "incurred the burdensome cost of two lengthy trials". Under these circumstances we perceive no abuse of discretion in the trial court's decision to grant the Commonwealth's Motion to Extend and to deny the Appellant's Motion to Dismiss under Rule 1100.

Appellant's second allegation centers on the trial court's denial of Appellant's motion to dismiss the jury panel. Appellant argued before the trial court and now submits on appeal that the Commonwealth purposefully and deliberately exercised its peremptory challenges to exclude black persons from the jury. Since Appellant has preserved his objection to the Commonwealth's use of peremptory challenges we will analyze Appellant's claim in this direct appeal under the test announced in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Commonwealth v. McCormick*, 359 Pa.Super. 461, 519 A.2d 442 (1986).

The *Batson* requirements for establishing a *prima facie* case of intentional racial discrimination are: 1) that the defendant is a member of a cognizable racial group and that the prosecution used peremptory challenges to remove from the venire members of the defendant's race; 2) that the defendant can rely on the presumption that peremptory challenges to veniremen permit discrimination by those inclined to do so; and 3) that the facts and relevant circumstances raise the inference that the prosecutor used the peremptory challenges to racially discriminate. *Batson, Id.*, 106 S.Ct. at 1723. Once these three requirements are satisfied, the burden shifts to the prose-

cution to explain adequately the racial exclusion. *Id.*, at 1721.

*Id.*, 359 Pa.Superior Ct. at 468, 519 A.2d at 446.

■■■ Since appellant is a member of the black race he has established that he belongs to a cognizable racial group. *Id.* However, Appellant has failed to establish that the Commonwealth's use of its peremptory challenges raised an inference of a racially discriminatory practice. The record indicates that the Commonwealth challenged five potential jurors. Of this number four were black and one was white. The actual jury panel was composed of ten white members and two black members. The case to be considered by the panel involved a victim and a defendant who were both black. On these facts we do not believe an inference can be established that the prosecutor used the peremptory challenges to racially discriminate. (*Contrast: Commonwealth v. McCormick, supra.*, where all the black veniremen reached on *voir dire* were peremptorily stricken by the Commonwealth, the appellant had established a *prima facie* case of racial discrimination.) (*See also: Commonwealth v. McKendrick*, 356 Pa.Super. 64, 514 A.2d 144 (1986), where despite the fact that appellant was tried by an all-white jury, appellant had not established a prima facie case under *Batson* since there were no racial issues in the case, the defendant and his victim were both members of the black race, and the witnesses for both sides were black.)

Appellant's third assignment of error must also be dismissed. At trial, the court permitted a Commonwealth witness to testify that he saw Appellant with a knife several hours after the crime. In support of its ruling the trial court noted that it was Appellant's position at trial that his co-defendant was the person who possessed a knife, knocked the victim to the ground and took his money. The trial court found that testimony indicating Appellant had in his possession a weapon of the same kind as that which was used in committing the crime was relevant and properly admissible under the facts of the case.

A weapon later discovered in a defendant's possession may be properly admitted into evidence even though it cannot be identified positively as the weapon used in committing the crime since it may tend to prove that the defendant had a weapon similar to the one used. *Commonwealth v. Lark*, 316 Pa.Super. 240, 462 A.2d 1329 (1983). While evidence that a weapon was in the possession of the defendant sometime other than at the time of the crime does not conclusively establish the defendant's possession at the critical moment, it is nonetheless relevant because the desired inference is made at least more probable by the information. *Commonwealth v. Klick*, 272 Pa.Super. 61, 64–65, 414 A.2d 669, 671 (1979). "Any uncertainty that the weapon is not the actual weapon used in the crime, goes to the weight of such evidence." *Commonwealth v. Lark, supra.* In the instant case, we find no error in the trial court's action admitting testimony concerning the knife.

The fourth issue presented challenges the trial court's decision to permit the Commonwealth to introduce evidence of Appellant's 1983 conviction for receiving stolen property should he choose to testify. Appellant's claim, however, does not merit discussion in view of the District Attorney's assurances at trial that the Commonwealth would not seek to use the Appellant's record against him in the event that he testified.

Issues numbered five, six, seven and eight each question the propriety of the court's charge to the jury. Appellant specifically contends that the court should have included a charge on "mere presence", that the court erred in indicating to the jury that there was no dispute over whether Appellant was present at the scene of the crime, and that the court improperly showed bias in its highlighting and repetition of the facts in the case.

In reviewing jury instructions for prejudicial and reversible error, the charge must be read and considered as a whole; error cannot be predicated on isolated excerpts of the charge. It is the general effect of the charge that controls. *Commonwealth v. Woodward*, 483 Pa. 1, 394

A.2d 508 (1978). Our examination of the entire charge convinces us that the jury was adequately and properly instructed. Contrary to Appellant's allegations the jury was instructed that a defendant's mere presence at the scene of the crime is insufficient to establish his guilt. The court charged:

> Now ladies and gentlemen, as both lawyers have indicated to you, there is a principle of law grounded in common sense the a person is not guilty of a crime by virtue of evidence, simply that he was merely present when a crime was committed. Of course, there is nothing great about that, it is not difficult to understand from that principle of law. If one just happens to be there, one commits a crime, that presence alone is not a crime. The question in this case, ladies and gentlemen, is what is the testimony concerning whether or not the Defendant, James Long, did something other than just be there and stand there, and it is for you to decide whether or not the testimony is believable that James Long did more than be there if he participated in the effort, jointly with Carlton Ford.

N.T. 10–18–1985 at 109.

Further, the court accurately and without bias recounted the evidence presented at trial. We reject Appellant's contention that the court erred by "calling attention" to certain testimony and by referring to the testimony in "such a manner so as to indicate to the jury that the Court rejected the defendant's version of the facts and indeed believed him to be guilty". Our reading of the charge is not consistent with these claims.

The final claim made by Appellant is a bald allegation of ineffective assistance of counsel. Issue number nine states: "Did the defendant fail to have effective assistance of counsel at his trial?". In the Summary of Argument and the Argument portion of Appellant's Brief, Appellant attempts to list numerous examples of trial counsel's ineffectiveness. Without citation to the record or supporting case law, Appellant asserts that his counsel was ineffective for

failing to submit or argue a suppression or pretrial omnibus motion, failing to object to the introduction of documents at trial, failing to impeach witnesses, failing to seek the recusal of the trial judge, failing to call all possible defense witnesses and failing to move for the dismissal of all indictments. Appellant also submits that his attorney was unprepared to argue Appellant's case on the day of scheduled argument for Post Trial Motions. As with the other allegations of ineffectiveness, Appellant does not offer any support for his position. He does not indicate what arguments should have been made, or the merits of the matters he wished to present to the trial court. Since Appellant has failed to properly develop these issues, we will not consider the merits thereof. *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982); Pa.R.A.P., Rule 2119(a).

Judgment of Sentence affirmed.