J-S05027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL KENNETH EDGAR, | : | |
| | : | |
| Appellant | : | No. 1053 WDA 2014 |

Appeal from the PCRA Order Entered June 11, 2014,
In the Court of Common Pleas of Indiana County,
Criminal Division, at No. CP-32-CR-0001265-2011.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 18, 2015**

Michael Kenneth Edgar ("Appellant") appeals from the order entered on June 11, 2014, that denied his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

According to the PCRA court's summary in its opinion to this Court:

[Appellant's] conviction stems from events occurring on July 16, 2011, that led to accusations of sexual assault by his teenage daughter.[1]  On April 3, 2012, he entered a plea of nolo contendere to Corruption of Minors and on June 13, 2012, was sentenced to incarceration of not less than one (1) year less one (1) day nor more than two (2) years less one (1) day with credit for time served.  He was also ordered to pay the costs of prosecution of $410.25 and a fine of $500.00.  Following his

---

[1]  The Commonwealth offered the following factual basis:  "On July 16, 2011, at approximately 2100 hours in Indiana Borough at specifically 477 Oak Street, [Appellant] . . . had taken his daughter's foot and was rubbing his penis with his daughter's foot.  At that time his daughter then woke up and then left the couch area."  N.T. (Plea), 4/3/12, at 5.

release from the Indiana County Jail on January 23, 2013, he was placed on probation for three (3) years and ordered to have no contact with the victim or her mother. [Appellant] was represented at trial by court-appointed counsel . . . and now alleges that he was provided with ineffective assistance of counsel.

PCRA Court Opinion, 6/11/14, at 1.

After serving his term of incarceration and while on probation, Appellant filed a *pro se* PCRA petition on June 13, 2013, asserting his innocence and claiming that trial counsel induced him to plead *nolo contendere*. The PCRA court appointed counsel, who moved for a private investigator on September 23, 2013, and filed an amended PCRA petition on January 15, 2014. The PCRA court conducted a hearing on May 28, 2014, and denied Appellant's petition on June 11, 2014. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration:

I.      Whether the PCCRA [sic] [court] abused its discretion when it made a finding that defense counsel did not induce [Appellant] to plead nolo contendere, even though the evidence showed that defense counsel informed [Appellant] that he would likely receive credit for time served and be released.

II.     Whether the PCCRA [sic] court abused its discretion when it made [a] finding that defense counsel was effective counsel, even though defense counsel failed to subpoena two material witnesses at trial who observed [Appellant] and his daughter in good spirits after the alleged criminal incident.

III. Whether the PCCRA [sic] court abused its discretion when it made a finding that defense counsel was effective counsel, even though defense counsel could have presented prescription medication evidence at trial that caused [Appellant's] impotency, rendering the statements of the minor child (victim) that [Appellant] had an erection to be baseless, showing [Appellant] is innocent.

IV. Whether the PCCRA [sic] court abused its discretion when it made a finding that defense counsel was effective counsel, even though [Appellant] was not made aware by defense counsel that his nolo contendre [sic] plea would result in a "no contact" order with his daughter.

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission.

*Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Willis*, 68 A.3d 997, 1001–1002 (Pa. Super. 2013) (quoting *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012)). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Id.* at 1002 (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010)).

Appellant first avers that trial counsel was ineffective at trial for inducing Appellant to plead *nolo contendere* with a statement that Appellant could be released from custody for time served. Appellant's Brief at 21–22. In response, the Commonwealth asserts that Appellant has failed to "acknowledge or address the necessary three-prong showing for ineffectiveness." Commonwealths' Brief at 10. We acknowledge the Commonwealth's complaint; however, given the fact that the structural deficiency of Appellant's argument does not hamper our review, we choose to address the first issue in the interest of judicial economy. ***Accord Commonwealth v. Long***, 532 A.2d 853 (Pa. Super. 1987) (considering merits of appellant's claims despite briefing deficiencies in interest of judicial economy).

In its opinion to this Court, the PCRA court opined that trial counsel:

fully explained to [Appellant] what a nolo contendere plea entailed and while he informed [Appellant] that there was a possibility of his release at sentencing, he did not promise that this would be the outcome. The [PCRA c]ourt [found trial counsel's] testimony credible as to the information he relayed to [Appellant] about his possible sentence. Additionally, [Appellant] signed a plea colloquy listing the maximum sentence on April 3, 2012, that states[:] "I am aware of the permissible range of sentences and/or fines for the offenses(s) [sic] with which I am charged." At the plea hearing on the same day the [PCRA c]ourt explained the meaning and consequences of the nolo contendere plea including the possible range of the sentence to [Appellant] and he indicated that he understood. The [PCRA c]ourt also informed him of his right to the alternative of going to trial and [Appellant] again indicated that he understood. The Court then specifically asked [Appellant] if

-5-

[trial counsel] had discussed these consequences and alternatives with him and [Appellant] indicated that he had.

At all times through the plea hearing, [Appellant] indicated that he understood the consequences of his plea and that his decision was voluntary. Accepting Counsel's testimony as credible, the [PCRA c]ourt [did] not find any indication that he was ineffective in explaining the consequences of the plea to [Appellant]. [Defense counsel] explained the possible scenarios that could result from [Appellant's] charges including incarceration in a state penitentiary for a felony conviction as well as his possible release at sentencing. As defense counsel for [Appellant], [trial counsel] had a responsibility to explain these possibilities in order to fully inform his client.

PCRA Court Opinion, 6/11/14, at 5−6.

Our review of the record reveals support for the PCRA court's findings and conclusion. Trial counsel testified that he did not induce Appellant's decision to plead *nolo contendere*. N.T. (PCRA), 5/28/14, at 64−65. On the contrary, trial counsel continued:

I did and in absolute certain terms explained to [Appellant] what nolo meant including the sentencing options were the same as if it was [sic] a guilty plea. . . . I am certain, a hundred percent certain I told him he would get credit for time served . . . . As far as he asked me probably 20 or 50 times whether he would be getting out on that day and each time I told him I cannot tell you that. It is a possibility and I told him it is a possibility but there is no way I can tell him that because there is no sentence bargain and sentencing is up to the sentencing judge and without knowing what is in the judge's mind I cannot tell him that he will be getting out.

*Id.* 65−66; *see also id.* at 77−78 ("I am sure I would have told him that it is possible that the Judge would find time served sufficient but I told him that there was no way I could predict it."). Notably, when asked on cross-

examination if trial counsel promised or guaranteed Appellant that he was getting out of jail, Appellant admitted: "No guarantees . . . the mind set at the time was that I just wanted out of jail." *Id.* at 55. Additionally, at the plea hearing Appellant informed the trial court that he was entering the plea "just to avoid the trauma of [his daughter] having to come in here." N.T. (Plea), 4/3/12, at 24. Moreover, the trial court conducted a plea colloquy on the record, Appellant completed a written plea colloquy, and Appellant stated in open court that he understood the nature of the plea, the consequences of the plea, the alternative of a trial, and that his plea was knowing and voluntary. *Id.* at 3–9, 11–24; Colloquy for Plea of Guilty/Nolo Contendere, 4/3/12.

Based on the foregoing evidence of record, we conclude that Appellant's underlying claim that trial counsel induced his *nolo contendere* plea lacks merit. As the PCRA court observed, "[Trial counsel] cannot be considered ineffective because of how [Appellant] used [the sentencing] information in deciding to enter a plea." PCRA Court Opinion, 6/11/14, at 6. Thus, the PCRA court did not err in denying Appellant relief on this challenge.

Next, Appellant argues that trial counsel was ineffective because he failed to question "two material witnesses who would have testified that Appellant and the victim were in good spirits after the alleged sexual

assault." Appellant's Brief at 23. In response, the Commonwealth posits that trial counsel "had a reasonable basis for not investigating them." Commonwealth's Brief at 13.

We reiterate the axiomatic principle that, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). We liberally interpret Appellant's second challenge as suggesting that his plea was involuntary and, therefore, invalid, because trial counsel suggested the plea without properly investigating potential defense witnesses.

"With regard to an attorney's duty to investigate, the Supreme Court has noted that the reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation." *Willis*, 68 A.3d at 1002. Furthermore, to satisfy the *Pierce* test when raising a claim of ineffectiveness for the failure to call a potential witness:

> our Supreme Court has instructed that the PCRA petitioner must establish that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. Super. 2014) (citing

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108–1109 (Pa. 2012)).

Upon review, we note the evidence of record suggests that the two witnesses existed, that they were available to testify, that counsel knew or should have known of their existence, and that they were willing to testify for Appellant. At the PCRA hearing, defense counsel and the Commonwealth stipulated that the two witnesses, Gregory Buggs and Don Straughtman, observed Appellant and his daughter several days after the alleged incident and that neither of them saw any concern, fear, or animosity between Appellant and his daughter. After entry of the stipulation, the witnesses were dismissed. N.T. (PCRA), 5/28/14, at 5–6. Additionally, trial counsel acknowledged that, although he did not recall Appellant mentioning the names of the two men, he did recall Appellant saying that Appellant and his daughter had been seen together amicably after the incident. *Id.* at 61, 69–70.

Nevertheless, the PCRA court concluded that trial counsel had a reasonable basis for not investigating the two witnesses:

> [Trial counsel] testified that [Appellant] might have mentioned these individuals and he would have looked into them had the decision been made to proceed to trial. [Trial counsel] testified that he did contact someone at the Indiana Playhouse where [Appellant] and his daughter were preparing for a play. The response he received was not one that he believed would be favorable to [Appellant] so he did not continue to pursue that angle of the investigation. [Trial counsel] additionally testified

that he investigated other claims [Appellant] made about his whereabouts and activities he engaged in on various occasions and found several inconsistencies in his statements.

* * *

The [PCRA c]ourt [found] that [trial counsel's] investigation was reasonable and as a result, he cannot be deemed ineffective.

[Trial counsel] testified that he met with [Appellant] at the Indiana County Jail on more than one occasion and at the last meeting [Appellant] indicated that he wished to proceed with the trial. As [trial counsel] was leaving the room, [Appellant] summoned him back in and said he had changed his mind and wanted to enter a nolo contendere plea. At this point, [trial counsel] testified that he would have had ample time to prepare for a trial should [Appellant] have chosen that route, but because he decided to take the plea instead there was no reason to continue trial preparation. Here, the [PCRA c]ourt finds [trial counsel's] actions reasonable in not continuing to prepare a defense . . . .

PCRA Court Opinion, 6/11/14, at 4–5.

The record supports the PCRA court's findings with regard to trial counsel's testimony. N.T. (PCRA), 5/28/14, at 61, 69–70. Moreover, we defer to the PCRA court's credibility determinations, which favored trial counsel's version of preparing a defense. PCRA Court Opinion, 6/11/14, at 5. In doing so, we discern no error in the PCRA court's conclusion that trial counsel had a reasonable basis for not investigating the two witnesses, namely, Appellant's decision not to go to trial. Thus, Appellant is not entitled to relief.

Appellant's third issue challenges trial counsel's failure to investigate a side effect of one of the prescriptions Appellant was taking at the time of the incident. Appellant's Brief at 26. According to Appellant, the Interferon he was taking caused erectile dysfunction; therefore, his daughter could not have "felt [his] erect penis while she was sleeping." *Id.* at 26, 29. Rather, Appellant claims, he had a lighter and a cell phone in his jeans pocket, which is what his daughter felt. N.T. (PCRA), 5/28/14, at 25.

We repeat: "[T]he reasonableness of a particular investigation depends upon evidence known to counsel, as well as evidence that would cause a reasonable attorney to conduct a further investigation." *Willis*, 68 A.3d at 1002. Here, the PCRA court recounted trial counsel's testimony "that he did check the Physician's Desk Reference to verify the claim of impotence as a side effect." PCRA Court Opinion, 6/11/14, at 4; N.T. (PCRA), 5/28/14, at 62. Trial counsel further explained as follows:

> I didn't go further into that. I mean, in this particular case had we gone to trial I would definitely assume he would have wanted to testify and knowing what I know I probably would have advised him to. It would have been a claim that he could make and there would be no way to refute that.

N.T. (PCRA), 5/28/14, at 62–63, 75–76. Based on trial counsel's testimony, the PCRA court concluded that trial counsel did investigate Appellant's medicine-based claim and that trial counsel had a reasonable basis for not pursuing the investigation, namely, entry of the *nolo contendere* plea. PCRA

Court Opinion, 6/11/14, at 4. Our review of the record confirms the PCRA court's findings, and we discern no error in the PCRA court's conclusion. Thus, Appellant's third claim fails.

Appellant's final complaint is that trial counsel failed to inform him that entering a *nolo contendere* plea would result in the continuation of a "no contact" order previously imposed as a condition of bail. Appellant's Brief at 26. The Commonwealth counters that Appellant "fails to address the **Pierce** ineffectiveness analysis" in his brief and that "[t]he 'no contact' order was a collateral matter, and, therefore, irrelevant in determining whether defense counsel provided ineffective assistance of counsel[.]" Commonwealth's Brief at 14, 15. Again, despite the structural deficiency of Appellant's argument, we shall address his final ineffectiveness claim, noting that the PCRA did not address this contention in its opinion to this Court.

The Commonwealth argues against relief on this issue as follows:

> The "no contact" order was a collateral matter, and, therefore, irrelevant in determining whether defense counsel provided ineffective assistance of counsel because when [Appellant] posted bail he was ordered to not have any contact with the victim and that order was still in effect when [Appellant] entered the plea.

Commonwealth's Brief at 15 (citing N.T. (PCRA), 5/28/14, at 77).

Upon review, we discern no basis in the record for granting the relief Appellant requests. Despite trial counsel's recollection that he did not discuss the no-contact order with Appellant, Appellant has not established

that trial counsel's representation was outside the range of competence demanded of attorneys in criminal cases. **Willis**, 68 A.3d at 1002. Trial counsel's negotiations with the prosecutor resulted in a *nolle prosequi* of more serious charges and the case not being designated a Megan's Law case. N.T. (Plea), 4/3/12, at 2–3, 11, 21; N.T. (PCRA), 5/28/14, at 65, 76–77. Trial counsel investigated Appellant's claims about witnesses and the effect of his medication. N.T. (PCRA), 5/28/14, at 60–63. The PCRA court deemed credible trial counsel's testimony that he informed Appellant of possible sentencing results but could not tell Appellant what his sentence would include because "there is no sentence bargain and sentencing is up to the sentencing judge." N.T. (PCRA), 5/28/14, at 66; PCRA Court Opinion, 6/11/14, at 5. We will not disturb that credibility determination. Moreover, although the no-contact order was still in effect when Appellant entered his plea, Appellant repeated several times at the plea hearing that he understood the nature of a *nolo contendere* plea, that he and counsel discussed consequences of the plea, and that he did not have any questions. N.T. (Plea), 4/3/12, at 65–66, 77–78. Based on the foregoing, we conclude Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015