**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEION POWELL | : | |
| | : | |
| Appellant | : | No. 976 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0003153-2018

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                        **FILED JUNE 22, 2022**

Appellant, Deion Powell, appeals *nunc pro tunc* from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his bench trial convictions for multiple counts of criminal conspiracy, burglary, robbery, and related offenses.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On March 5, 2018, Appellant and his cohorts committed a home invasion at a property in Lafayette Hill.  The intruders bound the victim with duct tape, kept him in a choke hold, and threatened him with knives.  The intruders also ransacked the home, taking items such as the victim's debit card and vehicle.

On April 11, 2018, the Commonwealth filed its criminal complaint

---

[1] 18 Pa.C.S.A. §§ 903, 3502, and 3701, respectively.

against Appellant.

The first pre-trial conference was held on September 20, 2018, at which time [Appellant] requested a continuance. The parties returned again on October 18, 2018, at which time [Appellant] once again requested a continuance. A third defense continuance request was made at the November 16, 2018 pre-trial conference. The parties appeared at a fourth pre-trial conference on December 13, 2018, and the case was placed on the January 2019 call of the trial list.

On January 17, 2019, the Commonwealth filed a notice joining two additional co-defendants with [Appellant]. [Appellant] then appeared before [the] court on January 22, 2019 so as to schedule his case for trial. On January 22, 2019, the two additional co-defendants, Kayla Johnson and Latisha Williams, had not yet been arraigned, as their cases were initiated later than [Appellant's] case.[1] The co-defendants were placed on an expedited trial list and the court scheduled all parties for trial to begin on June 17, 2019.

[1] At the time of the filing of [Appellant's] criminal complaint the co-defendants had yet to be identified and were only listed by vague description in [Appellant's] criminal complaint.

On June 10, 2019, unbeknownst to both defense counsel and the District Attorney handling [Appellant's] matter, [the] court, unaware of the joinder, granted the co-defendants a sixty (60) day continuance. On June 14, 2019, three days prior to the scheduled June 17, 2019 trial date, in light of the continuance for the joined co-defendants, a motion for date certain trial for [Appellant] was filed by the Commonwealth.

This motion triggered an on-the-record conference held on June 21, 2019. At the conference, the court indicated to the Commonwealth and defense counsel that it would be ready for trial on July 1, 2019, without the co-defendants. The Commonwealth indicated that it would be ready. Defense counsel indicated that she needed additional time in order to review recently provided DNA evidence that she only

became aware of days earlier. On June 11, 2019, the Commonwealth sent an e-mail correspondence to defense counsel regarding DNA evidence that the Commonwealth believed, in error, had [not] been shared with defense counsel. The Commonwealth inadvertently failed to send the DNA evidence to defense counsel when the report was received in April 2019. The court entered an order following the hearing on the motion for date certain trial, in which the trial delay was attributed to the Commonwealth for Rule 600 purposes.

\* \* \*

The parties returned before the court on August 6, 2019, on the call of the trial list conference schedule, originally planned for the day prior. At that time, the parties scheduled the multi-day trial to begin on December 16, 2019. This date was chosen in part due once again to accommodate a sixty (60) day continuance request that was granted earlier for co-defendants to the case, and in part due to the court's calendar in trying to schedule a four (4) day jury trial.

Defense counsel filed three [Pa.R.Crim.P.] 600 motions. They were filed on November [27], 2019, December 9, 2019, and December 12, 2019. A hearing was held on December 5, 2019 on the Rule 600 motion that had been filed in November 2019. On December 16, 2019, the court heard argument on the later-filed motions, at which time the court denied all three of the Rule 600 motions.

[Appellant] was found guilty following a stipulated bench trial on December 16, 2019, and was sentenced on June 23, 2020. [The court imposed an aggregate sentence of four and one-half (4½) to nine (9) years' imprisonment, followed by five (5) years of probation. Appellant] did not file a post-sentence motion, nor did he file a timely appeal. On January 12, 2021, the Clerk of Courts of Montgomery County received and docketed a *pro se* notice of appeal that was signed and dated December 29, 2020, which was later withdrawn. [Appellant timely filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546], alleging ineffectiveness by trial counsel in failing to file a timely notice of appeal. As the

Commonwealth did not object, [the] court granted [Appellant's] PCRA by order dated April 5, 2021, reinstating [Appellant's] appellate rights. [Appellant] filed a timely notice of appeal [*nunc pro tunc*] on April 15, 2021. By order dated April 20, 2021, the [trial court] directed [Appellant] to file a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The court received [Appellant's Rule] 1925(b) statement on May 7, 2021.

(Trial Court Opinion, filed June 11, 2021, at 1-4) (record citations and some capitalization omitted).

Appellant now raises five issues for our review, which we have re-ordered as follows:

Did the trial court err in denying Appellant's motion for dismissal pursuant to Pa.R.Crim.P. 600 filed on or about November 27, 2019?

Did the trial court err in denying Appellant's supplemental motion for dismissal pursuant to Pa.R.Crim.P. 600, filed on or about December 9, 2019?

Did the trial court err in denying Appellant's supplement to the supplemental motion to dismiss pursuant to Pa.R.Crim.P. 600, filed on or about December 12, 2019?

Did the trial court err in ordering Rule 600 time to run against Appellant starting on July 1, 2019, as outlined in the court's July 1, 2019 order sur Commonwealth motion for date certain trial, despite the fact that a trial continuance was required and granted on the basis that the Commonwealth withheld discovery, and the defense needed adequate time to investigate the new information?

Did the trial court err in denying Appellant's request for continuance to investigate newly produced discovery, as pled in Appellant's supplement to supplemental motion to dismiss, and argued on December 16, 2019?

(Appellant's Brief at 5-6).

- 4 -

In his first four issues, Appellant contends that 595 days passed between the filing of the criminal complaint and the filing of his first Rule 600 motion. Appellant maintains that the Commonwealth did not act with due diligence throughout this entire period because it failed to provide "complete discovery to the defense or alert the defense of outstanding discovery." (*Id.* at 34). Under these circumstances, Appellant reasons that the Commonwealth violated Rule 600.

Appellant acknowledges that the trial court analyzed the delays in this case, but he insists that the court improperly characterized certain delays as "excludable" when calculating an adjusted run date under Rule 600. Appellant emphasizes the court's finding that the period between January 22, 2019 and June 11, 2019 was excludable due to delays attributable to the co-defendants. Appellant claims this finding is "contrary to the testimony," the co-defendants did not request a continuance, and the delay was meant "to accommodate the Commonwealth." (*Id.* at 46).

Appellant further argues that the Commonwealth executed a proffer letter with Co-Defendant Lateisha Williams on March 4, 2019, whereby Ms. Williams agreed to testify against Appellant at trial. Appellant asserts that defense counsel did not learn about Ms. Williams' cooperation until December 2019, despite submitting formal and informal discovery requests beginning in September 2018. Because the Commonwealth intentionally withheld this discovery material, Appellant posits that the period of "March 4, 2019 to

December 16, 2019 must count toward the Rule 600 calculation." (**Id.** at 55).
Based upon his own calculations, as well as the Commonwealth's failure to exercise due diligence, Appellant concludes that the court erred by denying his Rule 600 motions. We disagree.

The following principles apply to our review of a speedy trial claim:

> Our standard of review in a Rule 600 issue is whether the trial court abused its discretion. Our scope of review when determining the propriety of the trial court is limited to the evidence in the record, the trial court's Rule 600 evidentiary hearing, and the trial court's findings. We must also view the facts in the light most favorable to the prevailing party[.]

**Commonwealth v. Risoldi**, 238 A.3d 434, 449 n.14 (Pa.Super. 2020),
*appeal denied*, ___ Pa. ___, 244 A.3d 1230 (2021).

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters …, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Martz*, 232 A.3d 801, 809-10 (Pa.Super. 2020) (quoting

*Commonwealth v. Peterson*, 19 A.3d 1131, 1134-35 (Pa.Super. 2011)).

Rule 600 sets forth the speedy trial requirements and provides in pertinent part:

**Rule 600.  Prompt Trial**

**(A)   Commencement of Trial; Time for Trial**

\*     \*     \*

(2)    Trial shall commence within the following time periods.

(a)    Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*     \*     \*

**(C)   Computation of Time**

(1)    For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation.

\*     \*     \*

Pa.R.Crim.P. 600(A)(2)(a), (C)(1).

"Rule 600 generally requires the Commonwealth to bring a defendant on bail to trial within 365 days of the date the complaint was filed." *Commonwealth v. Hunt*, 858 A.2d 1234, 1240 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005).  A defendant on bail after

365 days, but before trial, may apply to the court for an order dismissing the charges with prejudice. ***Id.*** at 1240-41. To obtain relief, a defendant must have a valid Rule 600 claim at the time he files the motion to dismiss. ***Id.*** at 1243.

> [A] defendant is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint. Rather, Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable … time. The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, … excludable time…. "Excludable time" is classified as periods of delay caused by the defendant.

***Martz, supra*** at 810 (quoting ***Commonwealth v. Moore***, 214 A.3d 244, 248-49 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 224 A.3d 360 (2020)) (internal citations and some quotation marks omitted).

"When considering a Rule 600 motion, the court must identify each period of delay and attribute it to the responsible party, then adjust the 365-day tally to arrive at the latest date upon which the Commonwealth may try the defendant." ***Commonwealth v. Barbour***, 647 Pa. 394, 399, 189 A.3d 944, 947 (2018). "Absent a demonstration of due diligence, establishing that the Commonwealth has done 'everything reasonable within its power to guarantee that [the] trial begins on time,' the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice." ***Id.*** at 399-400, 189 A.3d at 947 (quoting ***Commonwealth v. Matis***, 551 Pa. 220, 230,

- 8 -

710 A.2d 12, 17 (1998)). "As has been oft stated, [d]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **Commonwealth v. Dixon**, 140 A.3d 718, 723 (Pa.Super. 2016), *appeal denied*, 639 Pa. 170, 159 A.3d 938 (2016) (quoting **Commonwealth v. Colon**, 87 A.3d 352, 359 (Pa.Super. 2014)).

"[D]elays caused by co-defendant and/or their counsel may constitute sufficient grounds for an extension of time for trial under Rule [600]." **Commonwealth v. Long**, 532 A.2d 853, 855 (Pa.Super. 1987), *appeal denied*, 518 Pa. 617, 541 A.2d 744 (1988).

> In [**Long, supra**], we held there was no abuse of discretion in denying a co-defendant's motion to dismiss pursuant to Rule 600, because the delays caused by a co-defendant were also attributable to other co-defendants when separate trials would have required the duplication of testimony and evidence, and would have imposed the burden of two lengthy trials on the trial court.

**Commonwealth v. Kimbrough**, 872 A.2d 1244, 1260 (Pa.Super. 2005) (*en banc*), *appeal denied*, 585 Pa. 687, 887 A.2d 1240 (2005).

Instantly, the Commonwealth filed the criminal complaint on April 11, 2018. Therefore, the mechanical run date was April 11, 2019. Appellant proceeded to a pretrial conference on September 20, 2018. At that time, Appellant requested a continuance, and the court rescheduled the pretrial conference. Appellant requested additional continuances on the next two dates scheduled for the pretrial conference. Ultimately, the court conducted

the pretrial conference on December 13, 2018.  Because Appellant caused the delays between September 20, 2018 and December 13, 2018, this period was excludable.  ***See Martz, supra***.

At the pretrial conference, the court placed Appellant's case on the January 2019 trial list.  The Commonwealth subsequently filed a notice of joinder of Appellant and his co-defendants' cases.  (***See*** Notice, filed 1/17/19, at 1).  The notice indicated that Appellant's co-defendants, Ms. Williams and Kayla Johnson, were "currently awaiting arraignment," and all of the offenses at issue were based on "the same series of acts or transactions."  (***Id.***)  After the joinder, the parties appeared for the call of the trial list on January 22, 2019.  At the Rule 600 hearing, Appellant's counsel explained what happened at this listing:

> It was at that point during conference for trial date that I requested—we were looking at March dates but because the co-defendants had not hit arraignment yet, and the first co-defendant … wasn't scheduled to hit pre-trial conference until April, the [c]court bumped the trial date out to June and moved the co-defendants to the trial list as opposed to pre-trial conference.
>
> *    *    *
>
> So they were expedited onto trial list, these two co-defendants of the group, in an effort to speed up those cases.  And the [c]ourt scheduled as late a[s] possible of a trial to accommodate the Commonwealth's delay in bringing in those co-defendants at that point.

(N.T. Rule 600 Hearing, 12/5/19, at 32).

Consistent with the arguments now raised on appeal, counsel attempted

to blame the Commonwealth for the delays associated with joinder.  The court, however, concluded that such delay was excludable:

> The June [2019 trial] date was chosen in order to accommodate the co-defendants whose criminal complaints were filed later than [Appellant's].  The time caused by a co-defendant's delay is attributable to the other defendant when it would be duplicative to hold two separate trials, as the cases share facts and evidence.

(Trial Court Opinion at 6).  Here, the record supports the court's conclusion, and we cannot say that the court abused its discretion in characterizing this delay as an excludable period.  ***See Kimbrough, supra***; ***Long, supra***.

The court scheduled a four-day trial for June 19, 2019.  Prior to the trial date, on June 11, 2019, Appellant's counsel learned about certain DNA evidence that the Commonwealth failed to disclose.  As the court noted, "This late-provided DNA evidence resulted in a trial delay for [Appellant], as defense counsel required sufficient time to analyze the evidence and hire an expert to review the reports."  (Trial Court Opinion at 7).  Thus, the court determined that the period of delay caused by the late disclosure of this evidence was not excludable.  (***See id.***)

The court conducted the next pretrial conference on August 6, 2019.  At that time, the court learned that some of the co-defendants had already been granted continuances by another jurist.  Appellant's counsel testified about the situation as follows:

> We started discussing, because of needing four days, an October trial date.  And at that time [the assistant district attorney] notified [Co-Defendant Johnson's attorney] and

- 11 -

> myself in addition to the [c]ourt that Co-Defendant Latisha … Williams, and there is also Rafiq Sumpter, who at some point had at least been partially joined into this case,[2] had just that day requested and been granted 60-day continuances on their cases despite still being joined to [Appellant's].

(N.T. Rule 600 Hearing at 49). Due to the co-defendants' unavailability, the court rescheduled trial for December 16, 2019.

Again, the court concluded that the delay occasioned by the co-defendants' continuances was excludable:

> When the parties appeared before the court on August 6, 2019, a four (4) day trial was scheduled to begin on December 16, 2019. The December 16, 2019 date was chosen based upon both the court's calendar and the August continuance requests granted on behalf of the co-defendants. As aforementioned, a co-defendant continuance request [may be] excludable time. Therefore, the period of time between August 6, 2019 and December 16, 2019 accounts for an additional one hundred thirty-two (132) days of excludable time.

(Trial Court Opinion at 7) (internal footnote omitted). This determination does not constitute an abuse of discretion.[3] *See Kimbrough, supra*; *Long, supra*.

---

[2] In his Rule 600 motion, Appellant explained that the Commonwealth initially joined Mr. Sumpter's case with Co-Defendants' cases, but not Appellant's case. (*See* Rule 600 Motion, filed 11/27/19, at ¶37 n.6).

[3] To the extent Appellant claims that the Commonwealth misrepresented the status of Ms. Williams by failing to disclose the proffer letter on an earlier date, the prosecutor testified that Ms. Williams and Appellant's cases "were properly joined and that [the cases] were to follow" each other on a path to trial. (N.T. Rule 600 Hearing at 21). Additionally, the case against Ms. Williams remained

*(Footnote Continued Next Page)*

The following chart summarizes the delays in bringing the case to trial

at that point:

| DATES | ACTIVITY | DAYS DELAY | EXCLUDABLE | ADJUSTED RUN DATE |
|---|---|---|---|---|
| 4/11/18-9/20/18 | Commonwealth filed criminal complaint; court conducted arraignment; pretrial conference scheduled | 162 | No | 4/11/19 |
| 9/20/18-10/18/18 | Appellant requested continuance; pretrial conference rescheduled | 28 | Yes; Appellant requested continuance | **5/9/19** |
| 10/18/18-11/16/18 | Appellant requested continuance; pretrial conference rescheduled | 29 | Yes; Appellant requested continuance | **6/7/19** |
| 11/16/18-12/13/18 | Appellant requested continuance; pretrial conference rescheduled | 27 | Yes; Appellant requested continuance | **7/4/19** |
| 12/13/18-1/22/19 | Court conducted pretrial conference; case placed on 1/19 trial list; Commonwealth subsequently filed notice of joinder of Co-Defendants | 40 | No | 7/4/19 |
| 1/22/19-6/11/19 | Court conducted conference for call of trial list; trial scheduled for June 2019 to accommodate Co-Defendants | 140 | Yes; delays caused by Co-Defendants could be attributed to Appellant | **11/21/19** |
| 6/11/19-8/6/19 | Appellant first learned about inadvertently withheld DNA evidence; defense counsel required additional time to | 56 | No | 11/21/19 |

---

"open" at the time of the Rule 600 hearing, and the prosecutor reiterated that she "wanted to make sure that everything stayed together and that her case didn't get lost in the shuffle…." (***Id.*** at 26).

| | | | | |
|---|---|---|---|---|
| | analyze the new evidence; case placed on 8/19 trial list | | | |
| 8/6/19-12/16/19 | Trial scheduled for December 2019; date based upon Co-Defendants' continuances | 132 | Yes; delays caused by Co-Defendants could be attributed to Appellant | **04/01/20** |

Here, Appellant filed his Rule 600 motions before the date that we have calculated as the adjusted run date. Therefore, Appellant did not have a viable speedy trial claim when he filed the motions to dismiss, and the motions were premature. *See Hunt, supra*. We conclude that the court did not abuse its discretion by denying the Rule 600 motions, and Appellant is not entitled to relief on his first four claims. *See Risoldi, supra*; *Martz, supra*.

In his final issue, Appellant asserts his third Rule 600 motion "alternatively" argued that the court should grant a continuance to provide defense counsel with additional time to review new DNA evidence.[4] (Appellant's Brief at 63). Appellant maintains that he needed this time to

_____

[4] The trial court determined that it was "unclear … when [Appellant] requested a continuance…." (Trial Court Opinion at 8). In reviewing Appellant's third Rule 600 motion, we observe that the final paragraph of the seven-page filing requested dismissal of the charges without expressly stating the need for any additional relief. (**See** Supplement to Supplemental Rule 600 Motion, filed 12/12/19, at ¶48). Nevertheless, the motion also stated, "The newly discovered DNA reports … require defense counsel to again engage an expert for review and analysis, and therefore a continuance is required for effective representation." (**Id.** at ¶43). We deem this averment sufficient to preserve Appellant's claim that he also requested a continuance.

"consult a DNA expert given the history of incorrect results from the Commonwealth's previously chosen DNA lab." (***Id.*** at 65). Rather than opting for a continuance, Appellant complains that the court suggested excluding the evidence and proceeding to trial. Appellant insists, however, that the exclusion of this evidence was an insufficient remedy. Appellant contends that he "had a right to have adequate time to prepare a defense" based upon the evidence at issue. (***Id.*** at 66). Appellant concludes that the court abused its discretion by denying his request for a continuance. We disagree.

"[T]he grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." ***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa.Super. 2012), *appeal denied*, 621 Pa. 657, 72 A.3d 603 (2013). "An abuse of discretion 'is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.'" ***Id.*** (quoting ***Commonwealth v. Randolph***, 582 Pa. 576, 583, 873 A.2d 1277, 1281 (2005), *cert. denied*, 547 U.S. 1058, 126 S.Ct. 1659, 164 L.Ed.2d 402 (2006)).

Additionally, Pennsylvania Rule of Criminal Procedure 573 governs pretrial discovery violations as follows:

**Rule 573. Pretrial Discovery and Inspection**

\* \* \*

**(E) Remedy.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(E).

Instantly, Appellant acknowledges that the court offered to exclude the evidence at issue as a remedy for any discovery violation. (*See* Appellant's Brief at 65). This remedy is expressly authorized under Rule 573, which gives trial courts the option of granting a continuance **or** prohibiting the introduction of the evidence. *See* Pa.R.Crim.P. 573(E). Based upon our review of the record, we cannot say that the court abused its discretion by opting for exclusion of the evidence, especially where other continuances had already created speedy trial concerns. *See Ross, supra*. Therefore, Appellant is not entitled to relief on his final issue, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2022

- 16 -